J-S64028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TRACI LYNN JONES, | |
| Appellant | No. 513 MDA 2017 |

Appeal from the Judgment of Sentence February 1, 2017
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000841-2016

BEFORE:  PANELLA, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 25, 2017**

Traci Lynn Jones ("Appellant") appeals from the judgment of sentence entered in the Court of Common Pleas of Franklin County on February 1, 2017.  Appellant's counsel has filed an application to withdraw her representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  Appellant has not filed a response to counsel's petition.[1]  After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

_____

[*]  Former Justice specially assigned to the Superior Court.

[1]  The Commonwealth has not filed an appellate brief.

We glean the following background of this case from the record: Appellant shopped at the Waynesboro Walmart on April 10, 2016, with her friend, Brittany Sweitzer, and Ms. Sweitzer's boyfriend, Ryan Hartley. Because of her suspicious activity in the Walmart, asset protection associate Cody Davis conducted surveillance of Appellant. As Appellant passed through the checkout area and exited the Walmart with $436.51 in unpaid merchandise, Mr. Davis contacted the Washington Township police. Officers arrested Appellant in an adjacent parking lot; she was charged with retail theft, a violation of 18 Pa.C.S. § 3929(a)(1).[2]

Following a one-day trial, a jury convicted Appellant of retail theft on December 20, 2016, finding the value of the items taken to be in excess of $150. The trial court sentenced Appellant on February 1, 2017, to incarceration for a term of nine to twenty-three months, followed by thirty-seven months of probation. Appellant filed a timely post-sentence motion. Following a hearing on March 20, 2017, the trial court denied Appellant's motion. On March 21, 2017, Appellant filed a notice of appeal. Appellant and the trial court complied with Pa.R.A.P. 1925.

Before we address the merits of this appeal, we first must resolve appellate counsel's request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). There are procedural and

---

[2] Mr. Hartley was also charged with retail theft as a result of his leaving the Walmart with unpaid merchandise. N.T., 12/20/16, at 67, 73–74.

briefing requirements imposed upon an attorney who seeks to withdraw on direct appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 1032 (citation omitted).

In this case, counsel has satisfied the directives for withdrawal. Within her petition to withdraw, counsel averred that she conducted a thorough review of Appellant's case and determined that the appeal would be frivolous. Counsel sent Appellant a copy of the *Anders* brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition. In the letter, counsel advised Appellant that she could either represent herself on appeal or retain private counsel to represent her.

We now examine whether the brief satisfies the Supreme Court's dictates in *Santiago*, which provide that:

> in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel's **Anders** brief is compliant with **Santiago**. It sets forth the factual and procedural history of this case, outlines pertinent case authority, cites to the record, and refers to issues of arguable merit. **Anders** Brief at 3–9. Further, the brief sets forth counsel's conclusion that the appeal is frivolous and the reasons for counsel's conclusion. **Id.** at 10–16. "Therefore, we now have the responsibility to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Commonwealth v. Tukhi**, 149 A.3d 881, 886 (Pa. Super. 2016) (citation and internal quotation marks omitted).

In the **Anders** brief, counsel presents the following issues for our consideration:

> 1.   Whether the Sentencing Court abused its discretion by sentencing [Appellant] to nine (9) to 23 months in the Franklin County jail followed by 37 months of probation on her retail theft conviction?
>
> 2.   Whether [Appellant] was denied a fair and impartial jury because the jury selection procedure utilized in Franklin County did not produce a jury pool that fairly represented the racial makeup of the community as there were no African American jurors that could have been empaneled on the jury in [Appellant's] case?
>
> 3.   Whether [Appellant] was unfairly discriminated against by law enforcement and the Commonwealth because of her race and gender in violation of her due process rights?

**Anders** Brief at 7.

Appellant's first issue challenges the discretionary aspects of her sentence. We note that "[t]he right to appellate review of the discretionary

aspects of a sentence is not absolute." ***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006)). The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will allow the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. ***Commonwealth v. Sierra***, 752 A.2d 910, 912–913 (Pa. Super. 2000).

Herein, the first, second, and third requirements of the four-part test are met: Appellant brought a timely appeal, challenged her sentence in a post-sentence motion, and included in her **Anders** brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Notice of Appeal, 4/13/17; Post-Sentence Motion, 2/7/17, at ¶¶ 4–10; **Anders** Brief at 11.

With regard to the fourth requirement, "[w]e examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists." **Commonwealth v. Ahmad**, 961 A.2d 884, 886–887 (Pa. Super. 2008). Here, the Rule 2119(f) statement fails to cite the particular provision of the Sentencing Code or specific fundamental norm Appellant's sentence allegedly violates. Moreover, counsel recognizes that "Appellant received a legal sentence with a minimum within the standard range and a maximum no greater than the maximum permitted for a retail theft graded as a misdemeanor of the first degree...." **Anders** Brief at 11.

Appellant's first issue could be deemed waived because it does not specifically appear in the Rule 2119(f) statement. However, because the Commonwealth does not object to the omission, we address it. **See Commonwealth v. Karns**, 50 A.3d 158, 166 (Pa. Super. 2012) (quoting **Commonwealth v. Robinson**, 931 A.2d 15, 19–20 (Pa. Super. 2007) ("If a defendant fails to include an issue in his Rule 2119(f) statement, and the

Commonwealth objects, then the issue is waived and this Court may not review the claim.")).

In the argument section of the ***Anders*** brief, counsel sets forth Appellant's assertions "that the trial court erred by not giving adequate consideration to her mental health issues and the negative impact that nine months [of] incarceration would have on her mental state," as well as "the fact that Appellant is the sole caretaker of her six-year-old daughter." ***Anders*** Brief at 12, 13. Additionally, counsel advises that "the trial court did not get the benefit of seeing a full picture of the sentencing factors because [Appellant's] sister momentarily stepped out of the courtroom at the time of Appellant's sentencing and did not get the opportunity to speak on Appellant's behalf." ***Id.*** at 13.

To the extent Appellant asserts that the trial court did not adequately consider mitigating circumstances, this Court has found that such a claim does not raise a substantial question. ***See Commonwealth v. Kane***, 10 A.3d 327, 335–336 (Pa. Super. 2010) (finding claim "that the court gave inadequate consideration to certain mitigating factors, does not raise a substantial question"); ***see also Commonwealth v. Downing***, 990 A.2d 788, 794 (Pa. Super. 2010) (concluding claim that trial court abused its discretion in failing to adequately consider certain mitigating factors did not

raise substantial question). Accordingly, we deny Appellant's petition for allowance of appeal with regard to her first issue.[3]

In the next issue presented, Appellant complains that she was denied a fair and impartial jury in violation of her constitutional rights. According to Appellant, Franklin County's jury selection process does not produce a jury pool that is "a fair cross section of the community" and is "indicative of systematic exclusion of African Americans in jury selection pools." **Anders** Brief at 14–15.

The trial court implied that this issue was waived: "This court has been unable to locate any portion of the record where this issue was properly raised and/or preserved. This court is unable to opine upon an issue that

---

[3] Even if Appellant had raised a substantial question, she would not have obtained relief because the trial court had the benefit of a presentence investigation report. "Where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Finnecy**, 135 A.3d 1028, 1038 (Pa. Super. 2016) (quoting **Commonwealth v. Clarke**, 70 A.3d 1281, 1287 (Pa. Super. 2013)).

Here, the trial court advises us that, "[p]rior to sentencing both the Commonwealth and [Appellant] filed sentencing memorandums, which this court considered. The court also had the benefit of a presentence investigation report.... Further, the [c]ourt presided over the jury trial in this case and heard the evidence presented against [Appellant]." Trial Court Opinion, 5/8/17, at unnumbered 4, 6. Accordingly, Appellant's argument that the trial court failed to consider mitigating evidence would fail. **Finnecy**, 135 A.3d at 1038; **Clarke**, 70 A.3d at 1287.

was not raised, nor able to explain a decision that was never made." Trial Court Opinion, 5/8/17, at unnumbered 7.

Upon review of the record, we agree with the trial court that Appellant has waived this issue because she did not preserve it below. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Thus, we shall not address the merits of this challenge.

The third issue presents Appellant's claim of gender and racial discrimination by law enforcement and the Commonwealth:

> Appellant contends that because she is an African American woman she was prosecuted more severely than Mr. Hartley, a white man. Both Appellant and Mr. Hartley were accused of and apprehended for alleged shoplifting. However, only Appellant was arrested and incarcerated whereas Mr. Hartley was never arrested and only charged with retail theft graded as a summary, even though the amount he allegedly stole was over $150.

*Anders* Brief at 15. Counsel deemed this challenge frivolous because "[t]he difference in charging between the co-defendants appears to have been due to differences in their criminal records and the amount of items in the carts of each individual." *Id.* at 19. Counsel also submitted that this issue was waived. *Id.* The trial court deemed this issue waived, as well. Trial Court Opinion, 5/8/17, at unnumbered 8.

Upon review of the record, we dispose of this issue by adopting as our own the trial court's waiver analysis:

> Again, this court has been unable to locate any portion of the record where this issue was properly preserved. . . . [T]here does not appear in the record any motion raising such a claim, either pre-trial or post-sentencing. There has been no evidence presented to this court on the issue now raised by [Appellant], and thus this [c]ourt cannot opine on the issue. Assuming [Appellant] and her co-defendant are of different races, and assuming they were, in fact, treated differently by the Commonwealth in its prosecution of the cases, there could be any number of race-neutral reasons for such. Whether such race-neutral reasons exist in this case is not known, because [Appellant] did not properly raise the issue for this court's determination.

Trial Court Opinion, 5/8/17, at unnumbered 8.

Finally, we have independently reviewed the record in order to determine if appellate counsel's assessment about the frivolous nature of the present appeal is correct. *Tukhi*, 149 A.3d at 886; *see also Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (after determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must conduct an independent review of the record to determine if there are additional, non-frivolous issues overlooked by counsel). After review of the issues raised by counsel on Appellant's behalf and our independent review of the record, we conclude that an appeal in this matter is frivolous. Accordingly, we grant appellate counsel permission to withdraw and affirm the judgment of sentence.

Application to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2017